IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY J. HEADRICK, # 448932,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-293-MJR |
| ) | |
| **THOMAS TRICE,** ) | |
| **STEVEN STRUBBERG,** ) | |
| **MATTHEW GREEN,** ) | |
| **and CO HARRIS,** ) | |
| ) | |
| **Defendants.** ) | |

# **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

      Plaintiff is currently a pretrial detainee, incarcerated at the St. Clair County Jail ("the Jail"). On February 28, 2014, he filed two *pro se* civil rights actions pursuant to 42 U.S.C. § 1983, each seeking redress for violations of his constitutional rights by various Jail employees. The other action is also captioned *Headrick v. Trice, et al.*, but is docketed as Case No. 14-cv-294-MJR. In that case, Plaintiff raised an excessive force claim over his alleged beating by jail officers on January 22, 2014, after he was involved in a fight with other inmates. In the instant case, Plaintiff alleges he has been the target of retaliation after he filed a grievance against the officers involved in the January 22, 2014, incident.

      More specifically, Plaintiff claims that on February 19, 2014, Defendant Captain Trice, escorted by Defendants Sergeant Strubberg, Officer Harris, and Officer Green, came to his cell in the maximum security area of the Jail (Doc. 1, p. 5). Defendant Trice was holding a grievance Plaintiff had written the night before, which claimed that several officers had assaulted

him on January 22, 2014.[1]  Defendant Trice told Plaintiff he could not grieve that incident.  Plaintiff responded that the grievance was his attempt to exhaust his legal remedies and allow the Jail to resolve his complaint.  Defendant Trice told Plaintiff, "f**k a lawsuit," and "it was never going to work."  *Id*.

The Defendants moved on to another cell, but returned a short time later.  This time, Defendant Trice said, "I don't want to hear anything else about a f***ng lawsuit."  *Id*.  Plaintiff responded that he did not want to speak about it any more, and that Defendant Trice was "exerting retaliation."  *Id*.  Defendant Trice then ordered the other Defendants to open the cell door.  He came into the cell, took off his glasses, stepped up to Plaintiff, began poking Plaintiff's chest, and said, "You got nothing coming while you're housed at my jail . . . say one more motherf***ng thing about a lawsuit and I swear to God you will be dealt with" (Doc. 1, p. 5).  Plaintiff asked the other Defendants if they saw what was going on, and Defendant Strubberg responded that Plaintiff "should probably listen."  *Id*.  Defendant Trice continued, referring to Plaintiff's complaints about somebody using his telephone pin number, "you got no more phone privileges . . . I'm deactivating your phone account."  *Id*.  The Defendants then left the cell.

Defendant Green later returned to Plaintiff's cell with a ticket charging Plaintiff with making threats.  Plaintiff denies ever making a threat, and claims this ticket is further retaliation for his complaints and prior lawsuits.[2]  Plaintiff identifies two more acts of retaliation.  First, Defendant Trice began requiring Plaintiff to write request slips for anything he asks for,

---

[1]  The complaint herein does not say whether Plaintiff named Defendant Trice in this grievance.  However, Plaintiff did include Defendant Trice as a party in the lawsuit he filed over this alleged excessive force incident (Case No. 14-cv-294-MJR).

[2]  Plaintiff previously brought two other civil rights claims in this Court which arose from his detention in the St. Clair County Jail:  *Headrick v. Justus, et al*., Case No. 13-cv-67-GPM-DGW, which was settled, and *Headrick v. Watson, et al*., Case No. 13-cv-1302-JPG, which was dismissed upon threshold review.

when other inmates are not required to do so.  Finally, he has kept Plaintiff on administrative lockdown pending an investigation over the January 22, 2014, fight/excessive force incident, but all other inmates involved have been taken off lockdown and had their privileges restored (Doc. 1, p. 5).

In this action, Plaintiff seeks compensatory damages, restraining orders against the Defendants, and other miscellaneous relief (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:** Retaliation claim against Defendant Trice, for revoking Plaintiff's telephone privileges, issuing a false disciplinary ticket claiming Plaintiff made threats, keeping Plaintiff on lockdown, refusing to reinstate his privileges, and requiring Plaintiff to submit requests in writing, after Plaintiff engaged in the protected activity of bringing grievances and earlier lawsuits against Jail employees;

**Count 2:** Retaliation claim against Defendant Green, for issuing a false disciplinary ticket claiming Plaintiff made threats, after Plaintiff engaged in the protected activity of bringing grievances and earlier lawsuits against Jail employees.

Even though some of these allegations would likely not be actionable in and of themselves, if the measures were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under § 1983.  *See Bridges v. Gilbert*, 557 F.3d 541, 552

(7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline); *Antoine v. Ramos*, 497 F. App'x 631, 634-35 (7th Cir. 2012) (retaliation claim may be brought over alleged fabricated disciplinary ticket, so long as prisoner's punishment did not include a loss of good time).

Defendants Strubberg and Harris shall be dismissed from this action, however. Plaintiff does not allege that these two individuals personally took any retaliatory action against him. They were merely present during Defendant Trice's verbal exchange with Plaintiff. Their minimal involvement was limited to opening the cell door pursuant to Defendant Trice's order, and Defendant Strubberg making a comment to Plaintiff suggesting that he listen to Defendant Trice. These are not adverse actions sufficient to make out a retaliation claim. *See Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009) (prisoner must have experienced an adverse action that would likely deter First Amendment activity in the future); *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (in order to state a retaliation claim, plaintiff must identify the protected activity and the subsequent *acts* which constituted retaliation). Plaintiff thus fails to state a retaliation claim as to Defendants Strubberg and Harris.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

Defendants **STRUBBERG** and **HARRIS** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **TRICE** and **GREEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States

Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 26, 2014**

<u>s/ MICHAEL J. REAGAN</u>
United States District Judge
